IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HORNBERGER II and <br> MATTHEW SCHULTZ, <br><br> Plaintiffs, <br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE <br> INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil No. 3:23-cv-146 <br> ) Judge Stephanie Haines <br> ) <br> ) <br> ) <br> ) |

**OPINION**

**I.     Introduction and Relevant Background**

On June 2, 2023, Plaintiffs, Timothy Hornberger II and Matthew Schultz ("Plaintiffs"), filed a Complaint in civil action in Blair County Orphans Court (ECF No 1-2) against State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs each maintained State Farm automobile insurance and suffered unrelated accidental damage to their vehicles. When subsequently attempting to service their damaged automobiles at a repair shop called Professional Auto Body, State Farm refused to inspect or authorize the repairs. Plaintiffs assert that State Farm denied the repairs because Professional Auto Body sued State Farm in a separate anti-trust case. Based on the alleged facts, Plaintiffs are suing State Farm for Breach of Contract and Statutory Bad Faith (42 Pa. C.S.A. § 8371), *preempted on other grounds*, *Haase v. Metro. Life Ins. Co.*, 198 F. Supp. 3d 412, 424 (E.D. Pa. 2016).

On June 30, 2023, in accordance with 28 U.S.C. §§ 1441, 1446, the case was removed to this Federal Court with a Notice of Removal docketed by State Farm (ECF No. 1). State Farm stated there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, making it proper for consideration by the U.S. Federal District Court. 28 U.S.C.

§ 1332(a). On July 17, 2023, Plaintiffs moved to Remand to State Court (ECF No. 6) and filed a Brief in Support of Remand (ECF No. 7) stating that the amount in controversy required for diversity jurisdiction is not met. State Farm filed a Brief in Opposition to Plaintiffs Motion to Remand (ECF No. 11). The issue of removal is ripe for disposition.

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…" 28 U.S.C. § 1332(a)(1). Courts have interpreted Section 1332(a) as requiring "complete diversity between parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Removing defendants "carr[y] a heavy burden" of showing that the case is properly before the district court. *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The removal statute is strictly construed, and all doubts are to be resolved in favor of remand to state court. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

## III.    Discussion

State Farm's Notice of Removal (ECF No. 1) provides two bases for finding that this case is properly under the jurisdiction of the Federal Court: The Parties are in complete diversity and the amount in controversy including compensatory and punitive damages, as well as consequential damages, and attorneys' fees exceeds the $75,000 minimum amount required for removal. Plaintiffs disagree that the amount in controversy exceeds $75,000 and moved to remand the case to State Court (ECF No. 6). The Court will address the matters at issue below.

The complete diversity of citizenship of the Parties is undisputed. Plaintiffs, at the time this action was initiated, and at the time of removal were and are citizens of Pennsylvania. ECF No. 1, ¶ 6. State Farm Automobile Insurance Company is organized under the laws of Illinois and has its principal place of business in Bloomington, Illinois. *Id.* ¶ 7. Thus, complete diversity exists between the Parties and the Court must next consider whether the amount in dispute exceeds $75,000.

**1. Amount in Controversy**

Plaintiffs' Complaint does not provide values for damages. Instead, the Complaint lays out the types of damages sought.

> A. Interest on the principal amount that should have been paid to [Plaintiffs] at the prime rate plus three (3%) percent from the date the claim for collision coverage damages was made.
> B. Loss of use of his vehicle
> C. Punitive damages; and
> D. Court costs plus attorneys' fees.

ECF No. 1-2, ¶¶ 31, 40. State Farm argues that the accrual of these damages plus other fees, which are not payable under the State Farm automobile insurance policies,[1] would exceed the threshold amount for diversity jurisdiction.[2] ECF No. 1, ¶ 12. State Farm argues that damages such as punitive damages, interest, and attorneys' fees are mandated by Pennsylvania's bad-faith statute, 42 Pa. C.S.A. §8371; *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorneys' fees are necessarily part of the amount in controversy if such fees are available to

---

[1] The State Farm Insurance Policies cover bodily injury, property damage, and collision coverage on the vehicle. ECF No. 1-2, ¶¶ 4, 14.
[2] One such fee Defendants cite is a $3,440 fee charged by Professional Auto Body to release Plaintiff Hornberger's vehicle so that it can be inspected by State Farm. ECF No. 1, ¶ 11. Another potential fee is a storage fee for holding the car during the pendency of the dispute. ECF No. 1-2, ¶ 26. These "consequential damages" are not part of Plaintiffs' prayer for relief but damages such as storage fees and rental fees are mentioned in the Complaint.

successful plaintiffs under the statutory cause of action."). Plaintiffs refute State Farm's assertions saying that it has made fanciful and unrealistic determination of damages and has not established by a "preponderance of the evidence" that federal jurisdiction exists. *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007).

Courts typically determine the amount in controversy by looking at the sum demanded in the original Complaint. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014); 28 U.S.C. §1446(c)(2). But here Plaintiffs have not asserted a sum certain for any damages claimed. Therefore, the Court must next look to the amount asserted in the Notice of Removal. *See Dart,* 574 U.S. at 84.; 28 U.S.C. § 1446(c)(2)(A). If the amount put forth in the Removal is contested the Court must view the pleadings and must determine a reasonable reading of the value of the rights being litigated. *See Angus v. Shiley, Inc.* 989 F.2d 142, 146 (3d Cir. 1993). If "the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden." *Rossi v. Neumayr*, No. 3:20-CV-00844, 2020 WL 6710428, at *2 (M.D. Pa. Nov. 16, 2020)[3] (quoting *Dorley v. Save-a-Lot*, No. 16-CV-04510, 2016 WL 6213074, at *2 (E.D. Pa. Oct. 25, 2016)). "[T]he court must determine by a preponderance of the evidence whether the amount in controversy requirement has been satisfied." *Rossi,* 2020 WL 6710428, at *2.

In support of its argument State Farm asserts several types of damages that would be included in a calculation of the amount in controversy of this case. Potential damages include compensatory damages, punitive damages, consequential damages (such as storage and removal

---

[3] In *Rossi*, the Court found defendants did not meet their burden to establish the amount in controversy exceeds $75,000. It found that the Plaintiffs' demand "in excess of $50,000 'proves nothing about the actual amount in controversy'" and that speculative arguments that punitive damages "could easily exceed $25,000 are generally insufficient to establish subject matter jurisdiction. *Id.*

fees), attorneys' fees, and interest on the amount that should have been paid by State Farm for the auto repair. That said, State Farm has only provided the Court with estimated values of attorneys' fees and $3440 in consequential damages for the release of the Hornberger vehicle for inspection. Using the case cited for attorneys' fees, *Suber v. Chrysler Corp.*,[4] State Farm says the Third Circuit found $10,000 in attorneys' fees was a reasonable amount.[5] ECF No. 1, ¶ 17. State Farm also states that punitive damages can be considered using a multiplier of the alleged compensatory damages. ECF No. 1, ¶ 19. But State Farm provides no analysis as to what the compensatory damages are in this case. Based on the substantive information provided by State Farm, and with generous latitude given by this Court, the amount in controversy is at best $13,440.00, well below the threshold for diversity jurisdiction.

Plaintiffs contest the amounts provided by State Farm. ECF No. 7, p. 3. Plaintiffs state that the values and claims asserted by State Farm are bald allegations without support. Nevertheless, Plaintiffs, using the claimed amounts of $3,440 in consequential damages and $10,000 in attorneys' fees, determined that punitive damages would need to be calculated at a ratio of 19:1 to achieve the jurisdictional minimum of $75,000. ECF No. 7, p. 4. They state this is well above the typical 4:1 mathematical ratio for compensatory to punitive damages. *Id.*

---

[4] 104 F.3d 578, 585 (3d Cir. 1997).
[5] The Court in *Suber* came to the $10,000 value for attorneys' fees using the definitive amounts provided in the case. "According to Suber, his total Lemon Law damages are $40,015.20. As stated on his contract with the dealership, sales tax and registration fees bring the cost of the van to $31,649. Once finance charges are added, Suber alleges that the total cost of the van is $41,404.20. As calculated by Suber, the reasonable allowance for use that is required to be deducted pursuant to the Lemon Law is $1,389.10, which brings the total to $40,015.20. If Suber's allegation is correct, attorney's fees necessary to get him above the $50,000 threshold might not be unreasonable." 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997).

In it's Brief in Reply, State Farm retorts that $3,440 only represents a release fee for just one of the vehicles and that other consequential damages, for two plaintiffs, will be much greater. ECF No. 11, p. 1. But again, State Farm leaves the Court to guess at the amount of potential consequential damages. Also, as support, State Farm states that they sought to negotiate this case seeking a cap on their damages of $75,000, which Plaintiffs refused. *Id.* State Farm also says that Hornberger and Schultz each filed a lawsuit on the general docket in Blair County which is acknowledgment that they each individually seek damages in excess of $50,000 compulsory arbitration limits. *Id.* State Farm states that Plaintiffs Motion to Remand lacks the "legal certainty" that the claim is less than the jurisdictional amount to justify remand. ECF No. 11, p. 2. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)[6] ("In many cases … disputes over factual matters may be involved. In resolving those issues … preponderance of the evidence standard would be appropriate. Once findings of fact have been made, the court may determine whether … 'legal certainty' test for jurisdiction has been met."). At the current early posture of this case, before any dispositive motions have been filed, and before any discovery has occurred, there has been no determinations of fact at all. Thus, State Farm's assertion of a "legal certainty" standard is misplaced. Even if the Court were to use a "legal certainty" standard the sword cuts both ways and State Farm has not presented facts that support the jurisdictional minimum is met to a legal certainty.

---

[6] The Court in *Samuel-Bassett* concluded "that the case must be remanded to the District Court for fact-finding on the amount in controversy. We repeat the admonition expressed in our case law that in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand. Moreover, estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." 357 F.3d 392, 403 (3d Cir. 2004) (internal citations omitted).

Absent any value of damages in Plaintiffs' Complaint or Remand Pleadings, the Court must defer to reasonable estimations of the Defendant for the amount in controversy in a contested removal action. Here State Farm has not provided any empirical or substantive evidence of the value of this case. As stated above, the Court cannot be left to guess the potential damages and costs of the case. Nor does the Court believe attorney negotiations or the case filing in Blair County to be persuasive in determining the amount in controversy. The Court finds that State Farm has not satisfied its burden by a preponderance of the evidence that the amount in controversy is greater than $75,000.

### IV. Conclusion

Having found Defendant State Farm did not establish federal jurisdiction by a preponderance of the evidence, Plaintiff's Motion to Remand to State Court (ECF No. 6) will be GRANTED.

An appropriate Order will be entered.

Dated: September 19, 2023

Stephanie L. Haines
United States District Judge